Jonathan Schwalb, Esq.
Friedman Vartolo LLP
85 Broad Street, Suite 501
New York, New York 10004
Attorney for SN Servicing Corporation
P: (212) 471-5100
Bankruptcy@FriedmanVartolo.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------X

| | |
|---|---|
| IN RE: | CASE NO.: 17-14310 |
| Hasan Yilmaz | CHAPTER: 13 |
| Debtor | HON. JUDGE.: ROSEMARY GAMBARDELLA |
| -------------------------------------------------------X | HEARING DATE: **OCTOBER 17, 2018 AT 9:00 AM** |

**NOTICE OF OBJECTION TO CONFIRMATION OF MODIFIED PLAN**

**PLEASE TAKE NOTICE** that SN Servicing Corporation ("Secured Creditor"), the holder of a mortgage on real property of the debtor(s), by and through its undersigned attorneys, hereby objects to the confirmation of the Chapter 13 Modified Plan on grounds including:

1. Debtor(s) plan fails to provide for the claim of Secured Creditor. The objecting creditor is due arrears of approximately $257,629.47 which is set forth in the Proof of Claim Number 1.

2. Debtor(s) plan as proposed appears to contemplate that there will be no cure for the pre-petition arrears of Secured Creditor unless or until a loan modification is achieved. The requirements of 11 U.S.C. § 1322(d)(2) do not provide for payment over a period longer than 5 years. Moreover, the debtor(s) are obligated to cure the arrears due to the objecting creditor within a reasonable time pursuant to 11 U.S.C § 1322 (b)(5). Accordingly, in the event that the ongoing loss mitigation efforts are not successful, the plan fails to satisfy the confirmation requirements of 11 U.S.C. § 1325(a)(1).

3. Debtor(s) seeks to modify the rights of Secured Creditor, which is the holder of a claim secured only by a security interest in real property that is the principal residence of the debtor(s).

4. Debtor's modified plan requests to extend loss mitigation to January 13, 2019 with no adequate protection payments to be made to Secured Creditor. This loan was recently service transferred to Secured Creditor. Debtor has been requesting extensions to loss mitigation since July 2017 and each request was primarily focused around Debtor's inability to supply proof of rental deposits. Debtor's need to submit a completed loss mitigation application to have the loan modification process promptly completed so a decision can be timely rendered.

5. Debtor(s) proposed plan fails to comply with the requirements of the Bankruptcy Code and is not proposed in good faith.

6. Debtor(s) proposed plan does not provide that Secured Creditor retain its lien.

7. Debtor(s) proposed plan is not feasible.

8. Debtor(s) proposed plan fails to comply with other applicable provisions of Title 11.

In the event any portion of the claim is deemed to be an unsecured claim as defined by the Code, objection is hereby made pursuant to 11 U.S.C § 1325(a)(4) and 1325(b), et seq. unless the plan provides for full payment of the claim.

FRIEDMAN VARTOLO LLP
85 Broad Street Suite 501
New York, New York 10004
Attorneys for Secured Creditor,
SN Servicing Corporation

By: /s/ Jonathan Schwalb
Jonathan Schwalb, Esq.

Date: October 15, 2018

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Jonathan Schwalb, Esq.<br>Friedman Vartolo LLP<br>85 Broad Street, Suite 501<br>New York, New York 10004<br>P: (212) 471-5100<br>Attorneys for SN Servicing Corporation | Case No.: 17-14310<br><br>Chapter: 13 |
| In Re:<br>Hasan Yilmaz | Adv. No.:<br><br>Hearing Date: October 17, 2018 at 9:00 AM<br><br>Hon. Judge: Rosemary Gambardella |

## CERTIFICATION OF SERVICE

1. I, Theodore Weber :

    ☐ represent _____ in the this matter.

    ☒ am the secretary/paralegal for Jonathan Schwalb, Esq., who represents SN Servicing Corporation in the this matter.

    ☐ am the _____ in the this case and am representing myself.

2. On October 15, 2018, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.
    - Objection to Confirmation of Plan

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: October 15, 2018                    /s/ Theodore Weber
                                          Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Hasan Yilmaz<br>397 Clifton Avenue<br>First Floor<br>Clifton, NJ 07011 | Debtor(s) | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by the court *) |
| Herbert B. Raymond<br>7 Glenwood Ave<br>Suite #408<br>4th Floor<br>East Orange, NJ 07017 | Debtor(s) Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by the court *) |
| Marie-Ann Greenberg<br>Chapter 13 Standing Trustee<br>30 Two Bridges Rd<br>Suite 330<br>Fairfield, NJ 07004 | Trustee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by the court *) |
| U.S. Trustee<br>US Dept of Justice<br>Office of the US Trustee<br>One Newark Center Ste 2100<br>Newark, NJ 07102 | U.S. Trustee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by the court *) |